Approved: _____
Jennifer L. Beidel
Assistant United States Attorney

Before:     THE HONORABLE HENRY B. PITMAN
            United States Magistrate Judge
            Southern District of New York

ORIGINAL
S. DISTRICT COURT FILED
MAY 07 2015
S.D. OF N.Y.
DOC # 1

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

MOHAMMED NUR,
    a/k/a "Yuki Tanimura,"
    a/k/a "Muhammed Gueye,"
    a/k/a "Mohamed Guevo,"
    a/k/a "Nida Ndiaye,"
    a/k/a "Mohamed Dueye,"
    a/k/a "Macter Gueye,"
    a/k/a "Abdoulaye Diop,"
    a/k/a "Laibson Ivory,"
    a/k/a "Ali Moses,"

            Defendant.

- - - - - - - - - - - - - - - - - - X

15 MAG 1556

15 Mag.

RULE 5(c)(3)
AFFIDAVIT

SOUTHERN DISTRICT OF NEW YORK, ss:

            BRIAN O'NEILL, being duly sworn, deposes and says that he is a Deputy United States Marshal with the United States Marshals Service ("USMS"), and charges as follows:

            On or about April 16, 2015, the United States District Court for the Eastern District of Virginia issued a warrant for the arrest of "Mohammed Nur," in connection with a petition on supervised release in criminal case number 3:13CR00021-002 in the Eastern District of Virginia, charging that Mohammed Nur violated the terms of his supervised released by committing a crime involving the sale of an imitation controlled substance and by failing to report a change in residence. A copy of the arrest warrant and petition on supervised release are attached hereto and incorporated herein by reference.

I believe that MOHAMMED NUR, the defendant, who was taken into the custody of the USMS on May 7, 2015, in the Southern District of New York, is the same individual as "Mohammed Nur," who is wanted by the United States District Court for the Eastern District of Virginia.

The bases for my knowledge and for the foregoing charge are, in part, as follows:

1. I am a Deputy United States Marshal with the USMS. I have been personally involved in determining whether MOHAMMED NUR, the defendant, is the same individual as the "Mohammed Nur" named in the April 16, 2015 arrest warrant from the United States District Court for the Eastern District of Virginia. Because this Affidavit is being submitted for the limited purpose of establishing the identity of the defendant, I have not included in this Affidavit each and every fact that I have learned. Where I report statements made by others, those statements are described in substance and in part, unless otherwise noted.

2. Based on my review of documents from proceedings in the United States District Court for the Eastern District of Virginia, I know that on or about April 16, 2015, the United States District Court for the Eastern District of Virginia issued a warrant for the arrest of "Mohammed Nur" (the "Arrest Warrant"). The warrant was issued in connection with criminal case number 3:13CR00021-002, in the Eastern District of Virginia and was issued on a petition on supervised release, charging that Mohammed Nur violated the terms of his supervised released by committing a crime involving the sale of an imitation controlled substance and by failing to report a change in residence.

3. On May 7, 2015, at approximately 10:30 a.m., MOHAMMED NUR, the defendant, was arrested by the USMS in my presence. At that time, NUR informed me that his name is "Mohammed Nur" and provided the date of birth May 22, 1982. Based on a review of the criminal history records of the "Mohammed Nur" being sought by the Eastern District of Virginia, May 22, 1982 is one of six dates of birth that "Mohammed Nur" has used on prior arrests. "Mohammed Nur" is on supervised release from his criminal case in the Eastern District of Virginia, but is being supervised by the United States Probation Office in the Southern District of New York. The Probation Officer supervising "Mohammed Nur" was present at the time of NUR's arrest and identified him as the "Mohammed Nur" who is

serving a term of supervised release as a result of the conviction in the Eastern District of Virginia.

       4.    I have also reviewed two photographs of the "Mohammed Nur" being sought by the Eastern District of Virginia, which were uploaded in law enforcement databases in connection with the arrest warrant from the Eastern District of Virginia for criminal case number 3:13CR00021-002. Based on my observation of MOHAMMED NUR, the defendant, I believe him to the individual depicted in these photographs, and the "Mohammed Nur" being sought by the Eastern District of Virginia.

       5.    Finally, based on my review of law enforcement records, I have learned that fingerprints taken today from MOHAMMED NUR, the defendant, match the fingerprints associated with the "Mohammed Nur" being sought by the Eastern District of Virginia.

WHEREFORE, deponent prays that MOHAMMED NUR, the defendant, be imprisoned or bailed as the case may be.

BRIAN O'NEILL
Deputy United States Marshal
United States Marshals Service

Sworn to before me this
7th day of May, 2015.

THE HONORABLE HENRY B. PITMAN
United States Magistrate Judge
Southern District of New York

# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia

United States of America
)
) Case No. 3:13CR021-02
)
)
)
Mohammed Nur )
Defendant

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* MOHAMMED NUR

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint
☐ Probation Violation Petition ☒ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

SEE PETITION ON SUPERVISED RELEASE

Date: 04/16/2015

*Issuing officer's signature*

City and state: Richmond, Virginia

J. Smith, Deputy Clerk
*Printed name and title*

### Return

This warrant was received on (date) 4/17/15, and the person was arrested on (date) 5/2/15
at (city and state) New York, NY

Date: 5/2/15

#9128
*Arresting officer's signature*

O'Neill
*Printed name and title*

Prob 12A(10/09)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Mohammed Nur      Docket No. 3:13CR00021-002

### Petition on Supervised Release

COMES NOW Timothy J. Foote, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Mohammed Nur, who was placed on supervision by the Honorable Henry E. Hudson, United States District Judge sitting in the Court at Richmond, Virginia, on the 12th day of July, 2013, who fixed the period of supervision at 2 years, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

See Attachment(s)

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a warrant to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

**Bond Recommendation: No Bond**

| ORDER OF COURT | |
|---|---|
| Considered and ordered this 16th day of April, 2015 and ordered filed and made a part of the records in the above case.<br><br>/s/<br>Henry E. Hudson<br>United States District Judge | I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on April 14, 2015<br><br>Timothy J. Foote<br>U.S. Probation Officer<br><br>Place Richmond, Virginia |

**TO CLERK'S OFFICE**

**Petition on Supervise Release**
**Page 2**
**RE: NUR, Mohamme**

SPECIAL CONDITIONS:

1. Upon completion of his term of imprisonment, the defendant is to be surrendered to a duly-authorized immigration official of the Department of Homeland Security Bureau of Immigration and Customs Enforcement for deportation in accordance with established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. § 1101 et seq. As a further condition of supervised release, if ordered deported, the defendant shall remain outside the United States.

2. As reflected in the presentence report, the defendant presents a low risk of future substance abuse and therefore, the Court hereby suspends the mandatory condition for substance abuse testing as defined by 18 U.S.C. § 3583(d). However, this does not preclude the United States Probation Office from administering drug tests as appropriate.

3. The defendant shall provide the probation officer with access to requested financial information.

4. The defendant shall pay the balance owed on any court-ordered financial obligations in monthly installments of not less than $25.00, starting 60 days after supervision begins until paid in full.

OFFENSE: Count Two: Access Device Fraud, in violation of 18 U.S.C. §§ 1029(a)(3) and (c)(1)(A)(i), a Class C Felony

SENTENCE: Count Two: Custody of the Bureau of Prisons for 24 months; 2 years of supervised release; and a $100 special assessment

ADJUSTMENT TO SUPERVISION:

On October 3, 2014, Mr. Nur commenced supervision in the Southern District of New York, due to his New York, New York, residency. Following his release from custody in October 2014, Mr. Nur reportedly rented a room at 545 W. 158th St., Apartment #65, New York, New York. On December 1, 2014, Mr. Nur informed Senior U.S. Probation Officer Michael Cox that he was moving to 1950 Bailey Avenue, Apartment #2D, Bronx, New York 10460. Reportedly, the women with whom Mr. Nur was renting the room from did not allow him to entertain female guests. On December 10, 2014, a successful home visit was completed at the Bailey Avenue address noted above.

At this time, Mohammed Nur remains unemployed. It should be noted that Nur does not possess work authorization from the Bureau of Immigration and Customs Enforcement and therefore cannot work legally in the United States.

VIOLATIONS: The following violations are submitted for the Court's consideration.

| | |
|---|---|
| **Mandatory Condition** | **COMMISSION OF A CRIME – Imitation Controlled Substance; Criminal possession of Stolen Property in Fifth Degree; Petit Larceny; and Fraudulent Accosting** |

According to the criminal complaint, on or about January 24, 2015, at about 1:47 a.m., at the north east corner of 7th Avenue & West 49th Street, in the County and State of New York, Mr. Nur sold and possessed with

**Petition on Supervised Release**
Page 3
RE: NUR, Mohammed

intent to sell an imitation controlled substance; Mr. Nur knowingly possessed stolen property with intent to benefit a person other than an owner of the property and to impede recovery by an owner thereof; Mr. Nur stole property; Mr. Nur accosted a person in a public place with intent to defraud him of money and other property by means of a trick, swindle and confidence game.

Detective Ricardo Mantilla advised that the defendant approached an undercover police officer and stated in substance, "Are you looking for coke? I can hook you up." The undercover officer then gave the defendant $60 for a bag containing what appeared to be powder cocaine. The undercover officer believed it was cocaine based upon his professional training as a police officer, experience making drug arrests, and his observation of the substance, which was a white powder packaged in a small clear plastic bag. The powder was field tested and tested negative for the presence of cocaine. Detective Mantilla noted in the criminal complaint that the defendant's actions were of a kind commonly used to defraud people of money through a confidence game. Detective Mantilla also reported that he was the custodian of the $60 and the defendant did not have permission or authority to take or possess the money. The criminal complaint indicated that Detective Mantilla recovered five small plastic containers of marijuana from the defendant's inside jacket pocket.

Mohammed Nur was subsequently arrested using the name Ali Moses and released on bail on February 2, 2015. Following his release from custody, Mr. Nur reported to the probation office on February 3, 2015. The offender indicated that on the day he was arrested, he went to downtown Manhattan to speak to a lawyer for a job. Mr. Nur stated that after he left, he was arrested downstairs in the subway.

Mr. Nur was originally charged with possession and sale of a controlled substance, but the charges were subsequently reduced to a misdemeanor after the substance was tested and determined that it was not a controlled substance. Mr. Nur is scheduled to appear in New York County Criminal court on April 15, 2015.

**Standard Condition # 6:**      **THE DEFENDANT SHALL NOTIFY THE PROBATION OFFICER AT LEAST TEN DAYS PRIOR TO ANY CHANGE IN RESIDENCE OR EMPLOYMENT**

On February 12, 2015 a home visit was attempted at Mr. Nur's residence. An unidentified woman, who claimed to be the lease holder of the apartment, first stated she did not know who the offender was. However, when shown a photo of Mohammed Nur, she indicated that Mr. Nur used to reside at that address, but left several months ago and she had not communicated nor had seen him since.

On February 24, 2015 Mr. Nur reported to the probation office at which time he was questioned about his residency status. Mr. Nur admitted that he had vacated the residence without notifying Senior U.S. Probation Officer Michael Cox. When asked for his current address, Mohammed Nur promised he would secure a residence and provide the address.

On March 11, 2015, Mr. Nur informed that he secured a place to reside and provided the address 334 East 112th Street, Apartment #1B, New York, New York, 10029. Reportedly, the residence belongs to Mr. Nur's aunt. On March 12, 2015, at approximately 6:00 am, a home visit was attempted. A woman who spoke via an intercom indicated that Mr. Nur "went out" and was not there.

On March 16, 2015, Mr. Nur was again questioned regarding his residency status. He was forewarned that failing to provide the probation office with a verifiable residence could result in a violation of supervised release. Mr. Nur claimed that he did go to the address he provided, but left to spend the night with a

**Petition on Supervised Release**
**Page 4**
**RE: NUR, Mohammed**

girlfriend. He was reportedly awaiting information concerning a permanent residence. Despite numerous admonitions via office meetings and communication through cell phone and text messages, since December 2014, Mr. Nur has failed to inform Senior U.S. Probation Officer Michael Cox that he relocated and failed to furnish a verifiable address. Mr. Nur's residency status at this time remains unknown.


TJF/